AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 13-8276-WM |
| REZSO MECSES, | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

FILED by ___ D.C.

MAY 3 0 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 29, 2013 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC §922(g) | Alien in possession of a firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Special Agent David DiConza, HSI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: May 30, 2013

_____
_Judge's signature_

City and state: _____ West Palm Beach, Florida _____

William Matthewman, Magistrate Judge
_Printed name and title_

## AFFIDAVIT

I, David DiConza ("Affiant"), being duly sworn, hereby depose and state the following:

1.    I am a Special Agent with the United States Department of Homeland Security/Immigration and Customs Enforcement, Homeland Security Investigations (HSI) and have been so employed for over two years.   My duties and responsibilities as a Special Agent with HSI include investigating maritime smuggling matters and enforcing the immigration laws of the United States.  Prior to becoming an HSI Special Agent, I was employed as a Deportation Officer with Immigration and Customs Enforcement (ICE).  As a Deportation Officer with ICE, my duties and responsibilities included enforcing criminal and administrative immigration laws of the United States. Your affiant is assigned to the HSI Office located in West Palm Beach, Florida.

2.    Your Affiant is familiar with the facts and circumstances surrounding this investigation as set forth herein, both from his own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein.  This affidavit is being submitted for the limited purpose of establishing probable cause to charge Rezso MECSES with violation of Title 18 United States Code, Section 922 (g)(5)(A) - Unlawful Acts, alien in possession of a firearm.  As such, it does not purport to set forth every fact known to me regarding this investigation, but only those facts necessary to establish probable cause.

3.    On or about May 29, 2013, MECSES was administratively arrested by Immigration and Customs Enforcement (ICE) and Palm Beach Sheriff's Officers for a violation of his nonimmigrant status as a B1B2 visa overstay.  During the arrest at

MECSES's home, 6198 Circle D Drive in Loxahatchee, Florida 33470, Officers asked MECSES if there were any firearms inside the house. MECSES told Officers that he owned a .22 caliber rifle that was in the house's laundry room. After being given verbal consent to enter MECSES's house, Officers found a Marlin 22 Glenfield Model 60 rifle (serial number 25326256) after being directed to it by MECSES. In addition, .22 caliber rifle ammunition (754 rounds) was also discovered in the laundry room. MECSES is the renter of the house, and the sole occupant with his minor child.

4.      Therafter, MECSES was transported to the Department of Homeland Security/Immigration and Customs Enforcement/Enforcement Removal Operations (ERO) field office in Stuart, Florida for processing. Record checks confirmed, as stated above, that MECSES is a native and citizen of Hungary who was admitted to the United States on or about February 6, 2007 at or near Miami, FL as a nonimmigrant B2 temporary visitor for pleasure, with authorization to remain in the United States until August 5, 2007. There are no records showing that MECSES departed from the United States or that he received authorization from the Department of Homeland Security to remain in the United States beyond August 5, 2007. Therefore, his presence in Palm Beach County on May 29, 2013 was unauthorized.

5.      On or about May 29, 2013, Special Agent DiConza spoke with property manager for MECSES' residence, Tobol FIEGEL, via telephone. FIEGEL reported that the .22 caliber rifle was owned by MECSES.

6.      On or about May 29, 2013, Special Agents David DiConza and Jon Longo interviewed MECSES. After being advised of his Miranda Rights and subsequently waiving them, MECSES told the Special Agents that the rifle was his and that it had been

2

given to him by a friend. MECSES stated that he knew that it was illegal for him to have the rifle. MECSES also told the Special Agents that he entered the United States with a non-immigrant B2 visa in Miami, Florida sometime in 2006. MECSES stated that he knew he was required to depart the United States within six months following his entry but failed to do so in order to work in the United States. MECSES stated to the Special Agents that he knew he was illegally present in the United States.

7.      On or about May 29, 2013, Special Agent David DiConza contacted via telephone the Alcohol Tobacco and Firearms National Tracing Center. A record check of the Marlin 22 Glenfield Model 60 rifle (serial number 25326256) indicated that the rifle was manufactured in Connecticut in 1975, and therefore affected interstate commerce.

8.      Based on the foregoing, your Affiant believes that there exists sufficient probable cause to charge Rezso MECSES with a violation of Title 8, United States Code, Sections 922 (g)(5)(A) - Unlawful Acts, alien in possession of a firearm.

FURTHER AFFIANT SAYETH NAUGHT

_____
HSI Special Agent David DiConza

Sworn and subscribed before me
this 30 day of May, 2013,
in West Palm Beach, Florida.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE
FURTHER YOUR AFFIANT SAYETH NAUGHT.

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 13-8276-WM

### BOND RECOMMENDATION

DEFENDANT: REZSO MECSES

$10,000 - 10% Bond with Electronic Monitoring

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   AURORA FAGAN

Last Known Address: Palm Beach County Jail

_____

_____

What Facility: _____

_____

Agent(s):   S/A David DiConza, HSI

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**    **REZSO MECSES**

**Case No:** 13-8276-WM

Count 1

Possession of a Firearm by Illegal Alien

Title 18, United States Code, Section 922(g)

**\*Max Penalty:**    10 years' imprisonment ; $250,000 Fine; 3 Years Supervised Release

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

No.   __13-8276-WM__

UNITED STATES OF AMERICA

vs.

REZSO MECSES,

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Northern Region of the United
      States Attorney's Office prior to October 14, 2003?     _____ Yes   _X_ No

2.    Did this matter originate from a matter pending in the Central Region of the United States
      Attorney's Office prior to September 1, 2007?     _____ Yes   _X_ No


Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:    _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Aurora.Fagan@usdoj.gov
Florida Bar No. 0188591
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777